UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOHN GREGORY LAUGHON,
by and through Ginger Laughon
as attorney in fact,

    Plaintiff,

v.                              Case No.  3:06-cv-692-J-25HTS

JACKSONVILLE SHERIFF'S OFFICE,
et al.,

    Defendants.
_____


**O R D E R**

    This cause is before the Court on the following matters:

    1.    The Motion to Quash Subpoena (Doc. #25), which is **DENIED** as **MOOT** since the City of Jacksonville has agreed to withdraw the subpoena in question.  *See* Defendant, City of Jacksonville's Response to Non-Party's Motion to Quash Subpoena (Doc. #28).

    2.    Defendant, City of Jacksonville's Motion to Compel Interrogatory Answers (Doc. #29), which has been rendered **MOOT** by Defendant, City of Jacksonville's Notice of Withdrawing Its Motion to Compel Interrogatory Answers (Doc. #31).

    3.    Defendant Correctional Medical Services, Inc.'s Motion for Enlargement of Time (Doc. #27), which is **GRANTED** to the extent Defendant Correctional Medical Services, Inc.'s Response to

Plaintiff's Motion to Compel (Doc. #30) is accepted as timely filed.

4.  Plaintiff's Motion to Compel Document Production from Defendant Correctional Medical Services, Inc. (Doc. #26; Motion). The Motion is opposed. *See* Defendant Correctional Medical Services, Inc.'s Response to Plaintiff's Motion to Compel (Doc. #30; Response).

Plaintiff asks that Correctional Medical Services, Inc. (CMS) be compelled to produce documents pertaining to: 1) "[a]ny and all policies and procedures regarding examination and/or clearance of inmates for transport[;]" 2) "[a]ny and all policies and procedures regarding examination of inmates while being physically restrained, medical clearance for an inmate to be placed or remain in restraints, and medical clearance for an inmate to be removed from restraints[;]" 3) "[a]ny and all policies and procedures for recognizing, evaluating, treating, or in any way regarding seizures[;]" 4) "[a]ny and all policies and procedures for administering medication, whether prescription or non-prescription, to inmates[;]" 5) "[a]ny and all policies and procedures for documenting medication distribution to inmates[;]" 6) "[a]ny and all requirements, policies, or procedures for having a physician physically present in the Pretrial Detention Facility and for having a physician on-call[;]" and 7) "[a]ny and all policies and

procedures concerning the conduct, duties, or responsibilities of a physician who is on-call." Motion at 4-6.

In the Response, CMS contends "Plaintiff's request for policies and procedures from all of its facilities . . . is grossly overbroad[.]" Response at 4. It also requests entry of a protective order

> providing that CMS not be required to: 1) provide Plaintiff with policies and procedures other than those applicable to the Duval County facility during Mr. Laughon's incarceration and touching upon or relating to administration of medications, and 2) provide Plaintiff with its policies and procedures from Duval County without a confidentiality agreement that will invoke either damages according to its terms, or invoke this Court's ability to order sanctions in the event of a breach.

*Id.* at 5.

The Court agrees the requests for production at issue appear unduly sweeping in their scope. Plaintiff has not explained why he should be permitted to obtain documents relating exclusively to locations other than the Duval County facility, or to periods outside the time he was incarcerated there. *Cf.* Motion at 3-4 (seeking "information relevant to the medical care and treatment of [Plaintiff] while he was incarcerated at the Duval County Pretrial Detention Facility").

However, Defendant's request for a protective order is due to be denied. A motion for protective order must be filed timely. *See Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *Williams v. Am. Telephone & Telegraph Co.*, 134 F.R.D. 302,

-3-

303 (M.D. Fla. 1991); *see also Maxey v. Gen. Motors Corp.*, No. CIV. A. 3:95CV60-D-A, 1996 WL 692222, at *1 (N.D. Miss. Nov. 18, 1996); *Berry v. Baca*, No. CV01-02069 DDP (SHX), 2002 WL 1777412, at *2 (C.D. Cal. July 29, 2002). Communicating to opposing counsel a party's objections to production, without timely bringing the matter to the attention of the Court, is not adequate under Federal Rule of Civil Procedure (Rule(s)) 26(c). *See Maxey*, 1996 WL 692222, at *2. A motion for a protective order is generally untimely if it is made after the date the discovery material was to be produced. *See, e.g., id.* at *1; *cf.* Middle District Discovery (2001) at 20 (party has a duty to seek protective order "immediately, i.e., without waiting until the discovery is due or almost due"). Nevertheless, if the party seeking protection can establish good cause for an untimely motion, the Court may grant the relief sought. *See Maxey*, 1996 WL 692222, at *2.

The production requests were served in October 2006. *See* Motion at 3; *see also* letter dated October 30, 2006, attached as the second exhibit to the Motion (seeking reconsideration of objections and compliance within ten days); letter dated November 7, 2006, attached as the fourth exhibit to the Motion (defense counsel acknowledging October letter from Plaintiff's counsel and discussing objections to the requests for production). Far more than thirty days then elapsed before CMS made its January 2007 request for a protective order. As indicated by the authority set

forth above, it was not sufficient for Defendant merely to communicate its objections to opposing counsel and delay in asking for a protective order.

Further, even if not appropriately denied for untimeliness, the motion for protective order would fail as it does not establish the requisite good cause specified by Rule 26(c).  A brief affidavit is attached to the Response asserting that all policies and procedures created for facilities are treated "as closely guarded proprietary information."  Affidavit of George Wilson (Affidavit) at 1.  Still, it is far from clear this information has actually remained secret.  For instance, the Affidavit itself admits "dissemination to non-CMS persons" has occurred.  *Id.* at 2.  In such instances, "confidentiality agreements are requested[,]" but there is no assertion the agreements are actually entered into or honored.  *Id.*   Indeed, in the *Hobgood* case discussed by Plaintiff, CMS unsuccessfully attempted to have the plaintiff sign an agreement relating to disclosure of its policies and procedures.  *See* Order (*Hobgood* Order), attached as the third exhibit to the Motion, at 2.[1]

---

[1] Ultimately, the court in *Hobgood* found good cause for a protective order lacking, but, "based upon the representations of" the plaintiff (who volunteered to limit dissemination), *Hobgood* Order at 6; *see also id.* at 2-3, restricted disclosure of the information to matters concerning the litigation, including "use at trial." *Id.* at 7.  Although in the Motion Plaintiff has not explicitly offered to restrict his use of the discovery, he gives no indication he intends to employ the information beyond the present litigation.  In light of this and his approving citation of *Hobgood*, the Court will attach the same proviso utilized in that case.  If Plaintiff is offended by this aspect of the instant ruling, he is free to file a motion asking for reconsideration.

In light of the foregoing, the Motion (Doc. #26) is **GRANTED** to the extent Defendant CMS shall, within twenty (20) days from the date of this Order, produce all documents requested that were applicable to the Duval County facility during the period of Mr. Laughon's incarceration. However, Plaintiff shall limit his use of the documents to legitimate purposes in connection with the litigation and to use at trial, and shall otherwise limit his disclosure of the documents to expert witnesses or other witnesses as part of a deposition in this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of April, 2007.

/s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and pro se parties, if any